The first argued case this morning is number 181883 in Re Riggs. Mr. Bauer. May it please the court. Although this is not the first appeal to this court from a It is the first appeal in which certain aspects of the procedure have been challenged. What I'd like to do is to try to specify exactly what aspects of that procedure we are challenging, what the issues and disputes are between the parties, what issues are not in dispute between the parties. And exactly the relief that we are looking for in terms of the board's order in this case. The initial order from the board entered a new ground of rejection, a one for one rejection. It was necessitated by the Supreme Court's opinion in Alice, which came down after the briefs were made. At oral arguments, appellants acknowledged that Alice was applicable. I understand your argument to be that the board did not have the authority to address the one on one issue. Do I understand that correctly? No, no, no, that's not in dispute. They certainly have the authority to address that issue. And nor do we dispute that the court has authority to do that, nor do we dispute that they may set forth an order stating the reasons why they think Alice is applicable and sending it forth. But where we do have disagreement is where the procedure in the order contains aspects which are prejudicial to the appellants. And the appellants wish to avoid any prejudice from the procedure. What exactly do you think prejudiced your client? Well, there's several different aspects. One of which is that the appellants are being required to request the reopening of prosecution. They're not simply being required to respond to the new grounds of rejection. They have to ask that prosecution be reopened. Why is that a problem? Well, the parties are not in dispute that remand is something different than reopening prosecution. When a matter is remanded to the court, for example, because there's intervening legal authority, the scope of the remand is limited to that issue. For example, and this is Section 101, so this is a law which is in flux. If there was a patent infringement trial in which Alice had come down subsequent to trial and Section 101 wasn't necessarily considered, you wouldn't order the entire trial to be repeated. You would ask that there be a briefing on the 101 issue. Your concern is that other issues would be raised by the patent examiner other than 101? Yes, we're concerned that prosecution is reopened. That means we are starting back from square one. The examiner is free to make any additional rejections that the examiner thinks is appropriate, irrespective of any relationship to the 101 issue. So the board affirmed the rejections under 103, but your position is that it should nonetheless have been remanded? On the obviousness rejection? Yes. Because there is a new 101 rejection made by the board through no fault of the appellants, it has to be, they have to have the opportunity to respond to that new 101 rejection before the examiner. Under the Gould case, there's no reason to address the 103 rejection, because irrespective of how that is determined, we still have to go back on the 101 rejection. So under Gould, the appropriate thing to do is to address the 101 rejection. The 103 rejection remains in the case. And if it returns to the board, then the 103 rejection will be addressed at that time on its merits. In the argument at the hearings before the PTAB, was 101 discussed at all? Only briefly, Your Honor, to the extent that we acknowledge that Alice had been decided. There had been several board cases which had been remanded because of Alice, and we noted this. This is at pages 426 and 427 of the appendix, in which we noted that and actually asked for the remand. Appellants very quickly acknowledged that it was appropriate. But we are concerned that we are being required also to request. We have to affirmatively request the reopening of prosecution ourselves. Under former Rule 196, you didn't have to do that. You simply would submit your responses to the rejection to the examiner, and they would be considered. Here, we have to affirmatively ask that prosecution be reopened, which we don't want it to be reopened. We do think 101 should be addressed, but we don't think we should have to open everything completely. And also, we will have to withdraw our appeal. I'm a little confused about something. I thought that, just correct me if I'm wrong, that the board's first decision followed the normal course and said, you have two options in response to our new ground of rejection. One of them is reopening, but the other is just filing for rehearing, which is what you did. So, am I wrong about what the board said? We requested, you can request rehearing. The reasons why that option exists is because there could be purely legal issues in which there is no reason. And you did request rehearing, right? Well, we requested reconsideration of the order. We did not traverse the 101 rejection in the request for rehearing. In fact, in the request for reconsideration, we specifically indicated that we consented to remand to the examiner. But please be very careful, because you're saying that your 101 rejection is binding on the examiner. Please state what the abstract idea is under the ALICE test. And please make that very clear, so that when we're before the examiner, the examiner is not bound to repeat something that wasn't met. Our entire comments on that was one paragraph. Is that 446 and 447 of the Joint Appendix, is that right? That's what I'm looking at. Yes. Yes? Yes. And so... And that does say... It's a little bit of, you know, it's part of a rehearing request. And it says, you did something wrong about 101, but it doesn't identify... Does it? Tell me if it does. Any... There's no argument that says, we have some evidence that we think we would like to introduce or get the examiner to examine that's relevant to the 101 question. And if it doesn't say that, why is the opportunity for legal argumentation on rehearing not perfectly sufficient? Well, because the order was stating preconditions to submitting evidence. The order says that we have to submit our evidence to the board. And then, after the board considers our evidence, at which point the board is acting like an examiner, not like an appeal body, the board will then remand to the examiner. Right, but I'm just thinking in the ordinary court appellate context. You know, an appeals court may raise some new issue. And if you want to say, not for you to decide, you do need to say, here is the specific kind of factual issue that is relevant to the resolution of the issue. And that's not something you can decide. But you have to be somewhat concrete about what the point of sending it back to a fact finder is. Well, yes, I take your point that, yes, we do have to indicate that. I think we have indicated, we indicated when we brought this up to the board, we indicated that amendments were likely, we would like to be able to make amendments. What would be the impact of a remand on a patent term adjustment request versus a request to reopen prosecution on a patent term adjustment request? Yes, Your Honor, that's our sensitivity. This application was filed in 2007, has an effective filing date of 2000. We are here in 2019. Appellants are very sensitive to their patent term adjustments. The statute on patent term adjustment for appeals uses the word reverse. That's the literal language. It's not reverse or if the board makes a new grounds of rejection and you have to request reopening prosecution in order to address that new grounds of rejection, then you get patent term adjustment. It doesn't say that. So we're concerned that if we make the affirmative action of saying, we want to withdraw our appeal and reopen prosecution, that's going to be held against us when it comes time for patent term adjustment. We could be wrong about that. We're not asking the court to make an advisory opinion on that point. But that's our sensitivity. And our point is, in former Rule 196, we didn't have to make those affirmative actions. The former Rule 196 used the word waive your right to go before the examiner, meaning that after the board did its order, the case was then with the examiner. The way this order reads, you have to do something more with the board. You have to submit to the board your amendment or your evidence. The board has to apparently deem those amendments appropriate to overcoming the one-on-one rejection. It's not exactly clear. And then it goes to the examiner. So that's our concern is that patent term adjustment is going to be adversely affected. And what we want, when I get to the relief that we want, we want to just be able to make our amendments, submit our evidence, and that be it. We don't want to have to do that intermediary step. And going back, Judge Toronto, to your point, we should be able to challenge that aspect of the board's order without waiving our right to proceed on the merits before the examiner. We wanted to challenge the conditions that were being placed upon us by this procedure. And the patent office agrees that the standard is prejudice. It's on page 20 of their brief. It's agreed that the appropriate standard is the appellants not be prejudiced. So you can make a new grounds of rejection so long as appellants are not prejudiced. Now, back in the days of former Rule 196, we didn't have patent term adjustment. We didn't have 20 years from filing patent term. So the prejudice is something that wasn't, in this case, specifically contemplated, but we would nevertheless be prejudiced. And that's why I say that we're looking for limited relief. Can I just ask, where in your rehearing petition did you say to the board, we think that the formulation of the options at the end of the board's decision is incorrect, and we should be able to contest the 101 somehow without reopening? The request for a hearing is what, 437 and pages that follow? There were two requests for a hearing. I see. Where's the second one? But pages 446. While appellants consent to a board remand to the examiner for the purposes of considering the 101 rejection, the decision does more than merely remand the appeal. Because the new grounds of rejection would be binding on the examiner without waiving any rights, we request that the board reconsider and revise portions of the new grounds of rejection. So at that point, we... And then you say first and second, and these are both substantive points about the merits of the 101 analysis. It's not a procedural point. It is asking the patent office to clarify what the abstract idea is, challenge them to say that, and they respond and say this is the abstract idea. It also addresses the fact that there was this computer network limitation in the claim, and the board had said human thought alone. But where do you preserve specifically the prejudice argument that you're making now? I don't think we have to in the request for reconsideration. Did you preserve our prejudice? You don't think you need to raise the argument before the board a challenge to their procedures for whether the case you have to choose between a remand or, I mean, whether they would remand or whether you choose to reopen prosecution or you choose for a rehearing? Yes. Yes, and I believe we did that, Your Honor. I'm sorry, Your Honor, it does escape me at that point if we did make it clear that we're concerned about the prejudice. Well, we'll fill that gap on your rebuttal. We'll save you rebuttal time. Let's hear from the office. Thank you. Ms. Cafferty. Good morning, Your Honors, and may it please the Court. Riggs does not challenge the merits of the board's determination that the challenge claims are unpatentable under Section 101. Riggs only raises procedural issues with the board's issuance of its new ground. But the board was within its authority to issue the new ground of rejection and the procedural safeguards were followed here. What's troubling here, this is not a contested PTAB post-issuance. This is an appeal under a statute which says that the applicant shall be granted a patent unless. So the burden is on the office to provide the unless. And so the issues of due process, an opportunity to respond, and I think we can all take notice that the relationship between the applicant and the examiner, the give and take of working out what might be patentable, is more flexible than by the time you get to the appeal of the board. So why wouldn't a remand on a new ground, if the board sees fit to raise a new ground, I think they didn't have to. They could have affirmed if it's not patentable under 103, it doesn't matter. Isn't that right? Whether 101 can be brought to bear. So how did we, after this extraordinarily prolonged prosecution, prolonged, expensive, time-consuming, taking time on the part of the office, as well as the applicant, how did we get to this stage after all of these years where a new ground is raised and there is no opportunity to put that ground into the normal give and take of examination? Well, in the final rejection here issued in 2012, and the appeal was then raised and it was briefed. But before the decision of the board, the Alice decision issued, which changed the test for 101. And following the Alice decision, the board issued a new ground of rejection under Section 101, finding all of the challenge claims unpatentable under the two-part test of Alice. So that is why the new ground was raised in the board's decision, because the case law changed as to 101 in the interim. If they're obliged to recognize a change in law, aren't they obliged to send it to the examiner to apply if this is a change in law? That's a separate question. I think it's quite relevant because there had been extensive prosecution on issues where it's irrelevant what happens under 101. So how do we get to this burdensome procedure that could very well be meaningless as far as entitlement or not to a patent? So under 4150, there are procedural safeguards in place. To the extent the board issues a new ground of rejection, they give the applicant the opportunity to either request reconsideration by the examiner on that new ground, and in that quest they must present new evidence or an amendment to the claims, or they can seek rehearing before the board. And here Riggs chose the latter. Riggs chose to seek rehearing. And this is clear in its request for rehearing at page EPPX446, which just Toronto pointed to, where he requests that the board reconsider its rejection under 101 and challenges the merits of the board's decision with an argument, but not with any new evidence, but with arguments. And the board reconsidered the arguments that Riggs raised and issued a second decision on that request for rehearing. I may have misunderstood, but I thought Mr. Bauer this morning was arguing that the either-or choice was itself an improper choice. Can you address that? Sure. So the prejudice that Mr. Bauer is arguing now, first, that wasn't raised before the board, and that wasn't even raised in his opening brief on appeal here. He only raised that prejudice issue in his reply brief. So it's been waived. But second, there is no prejudice here because the board considered the arguments that he raised as to the patentability of the claims. And those arguments were addressed in the first decision and as well as the second decision regarding the 103 rejection. And that there was no factual component that would have required something other than what the board can, without any difficulty, do on its own. That's correct, Your Honor. If there are no further questions, we ask that the court affirm the board's decision. Thank you. Mr. Bauer, you have your rebuttal. Three minutes. In our, with respect to the question of prejudice, that's the standard. Our opening brief to this court didn't, may not have termed in the words prejudice, but we did indicate why we thought we were harmed by this order. We did explain the patent term adjustment issues. We did address the fact that reopening prosecution in its entirety is far more burdensome than simply a remand on a 101 issue. And so we did address those issues. Judge Stoll, on your question about didn't we waive, I'm not sure that we have to, in our request for reconsideration to the board, make that contention. I just wanted to know if you made it. I want you to know I didn't say you waived it. I just want, and I didn't ask if you waived it. I asked where did you raise it. And the reason why we did it is because we knew the patent office was not going to withdraw their regulation based on our request for reconsideration. This, I don't want to debate that with you on your rebuttal time, but did you at all explain to them the concern about, you know, whether it would impact your request for patent term adjustment? We did not raise that in our request for reconsideration. Again, I don't think we have to, respectfully. And I do think we raised it in our brief to this court. You know, I think that's an important unintended consequence, and I'm not sympathetic to the hyper-technical new rules that no one can comply with. However, it looks to me as if whatever errors were made would not have affected the result with the affirmance of the examiner's rejection on the merits. On the obviousness rejection, Your Honor, is that you mean on the merits of the obviousness rejection and the merits of the 101 rejection? The obviousness rejection was, on the appeal, we argued that that should be reversed. In fact, we think it must be reversed because there is another ruling from the board that these references are not prior art, which we think is minding clearly estoppel and cannot be, in this case, cannot now be decided contrarily. So the 103 rejections, our point is, cannot be affirmed. But I think the appropriate action is to remand for consideration of the 101, and the 103 issues remain in the case. But it's before us, is it not, whether the 103 is subject to affirmance? Well, I guess I make the point that if that was reversed, then you still have to go back to the examiner on the 101 issue. Yes. And the other point, of course, is we do have arguments on the merits of the 103 rejection, why those references are not prior art. And they're very complicated. They involve dynamic drinkware. They involve the disclosure. They involve retroactive application. And they're made in your briefs. The arguments for your arguments challenging the 103 rejection entered by the patent examiner, those arguments were considered by the board, right? And they were briefed before this court, right? They were briefed before this court. At oral argument, they did ask us to continue on arguing the 103 rejection. So we did continue. Those arguments are in the record. And so but on the merits, we think that, of course, that they should be reversed. And we think that's compelled. On the last point about our request for reconsideration, we're very concerned about that issue because the patent office has indicated that if you hold that we made an election and we elected to reconsideration rather than remand, then the appeal is going to be terminated. And we're going to lose the patent application entirely. I understand that's the correct result if someone doesn't comply. But I think the request for reconsideration, that's left in place so that if there are purely issues of law, they can be argued. And there is no requirement at that point that you provide the evidence you want to submit. And I tell you, we do have evidence that we do want to submit. And we probably will make amendments. And the other thing we'll do is we'll probably ask the patent office to examine these claims according to the current standard for 101, which is now different than what the board applied here. And in the current posture of this case, can you file a continuation application? We lose our patent term adjustment if we do. That's why we don't want to file a continuation. So we don't want to do that. And on the issue of making that selection, like I said, there's also the request for reconsideration addressed other issues. The 103 rejection, it was addressed. And the estoppel argument was put forth for that. So I think the idea that we must elect requests for reconsideration, meaning we're traversing the 101 rejection. I think it would be a poor result if because of these two paragraphs, we were considered to have argued the merits of the 101 rejection, and our argument would be reduced to these two paragraphs. I think that would be an unfortunate result. Okay. Any more questions? Any more questions? Thank you. Thank you both. The case is taken under submission. Thank you.